The opinion of the Court was delivered by
Gibson J.
The English statutes for the protection of officers of justice, being remedial, have always been liberally construed in favour of the object which-induced their enactment; and our act of assembly, which is entirely analogous, has, as far as we have gone, with the exception of a trifling relaxation as to the form of the notice, received the same construction. In Prior v. Craig,(b) where the suit against the magistrate was instituted before a justice of the peace, it was held, that notice was necessary by the equity of the act, although the letter of its provisions was applicable only to causes in Court. It may be laid down as a general rule, that wherever the officer has -acted honestly, although mistakingty; where he supposed he was in the execution of his duty, although he had no authority to act; he is entitled to the protection of the act of assembly. But the cause of action must be, a wrong suffered from an act done by the justice “ in the execution of his office,” and hence an argument that there being no law which either makes travelling on Sunday an ofFence, or gives a justice of the peace summary jurisdiction over it, the magistrate could not, in this instance, have acted in the execution of his office ; for that where he has no jurisdiction but what is unlawfully assumed, his acts *302 can have no connection with his official duty. But the having of jurisdiction is not the criterion; for if one magistrate were to act in a case in which jurisdiction is expressly comndtted to two, he would still be entitled to notice.* Where indeed the act done is entirely foreign to the magistrate’s jurisdiction, nothing can give it official colour; but where he has a general jurisdiction over the1 subject matter, and intended to act as a magistrate, he will be entitled to all the benefit which the act of assembly secures to him in any case. For the purpose of bailing, or committing, a justice has general jurisdiction over every thing constituting an offence against the laws; and if, in an honest exercise of it, he judges erroneously of the legal character and consequences of an act done, and treats as an offender a person who has committed no crime, does he not present exactly that sort of case for which the legislature intended to provide? For if the justice should act within the limit of his jurisdiction, he would not be answerable for mere mistake of judgment on the merits ; and, not being a wrong-doer, his conduct would call for no protection from this or any other act of assembly. Now what was there in this case but a misconception of the nature and character of the act of travelling ? By the act of 22d April, 1794, justices of the peace may punish in a summary manner for performing “ any worldly employment or business whatsoever, on the Lord’s dayand although travel-ling does not, in a legal sense, fall within the description of worldly employment or business, it is a subject on which a magistrate might readily be mistaken ; for a carrier driving his team along the highway, which bears a striking resemblance to travelling, would be in the exercise of his vocation, and, if on Sunday, obnoxious to the penalty of the law. Where, however, the magistrate assumes an official character only to give colour to the act, he will not be entitled to notice ; and of the state of the fact, if it be doubtful, the jury may judge. Here, however, there can be no doubt as to the fact j and the magistrate was therefore protected by the want of notice. Then as to Miller, the other defendant, who acted as constable, and, as stated in the ease, strictly according to the command of the warrant, there can be no pretence, let the defence of the magistrate be .as it may, that the suit could be sustained against him. Where a constable has pursued *303 his warrant he can be affected with want of jurisdiction in the magistrate, only where he is sued alone, having, after a proper demand, refused to furnish a copy of the warrant for the space of six days ; but when, as in this case, he is sued jointly with the magistrate, whether after demand and refusal or not, he will be protected, whether the verdict be against or in favour of the magistrate. In the Court below, it would seem, the defence of both was put on the same ground, want of notice to the magistrate ; but the act makes a plain distinction between them, as to the defence they may respectively make: for where the constable has been governed by the mandate of his warrant, he has nothing to do with the magistrate or his want of jurisdiction; nor can he be made jointly responsible with him, unless he refuses to shew his warrant, and thus by his own act puts it out of the plaintiff’s power to distinguish between them, and to pursue the magistrate as the person exclusively liable. But although the opinion of the Court was, on the merits of the question, substantially right, the judgment of nonsuit, which could be rendered only with the assent of the plaintiff, and which from any thing that appears was adverse, cannot be sustained; for the point having been reserved, the proper course was to grant a new trial. The particular kind of judgment entered, being therefore wrong, is reversed, to enable the Court below to give the defendants the benefits of the act of assembly in another trial.
Judgment reversed, and a venire facias de novo awarded.

 Ante, 44.

 Note. — Vide Weller v. Toke, 9 East's Rep. 364.