WOOD, J.
According to the statute, resident freeholders of the county can only be sued before a justice of the township where they reside except in special cases: (29 O. L. 173.) The process may be served personally, or by copy left at the defendant’s dwelling house or place of abode. In the ease before us, the service was not personal, nor was it at the place of abode of the defendant, but at his last place of residence in town. The demurrer admits that when the suit was brought and for thirty days before, the defendant resided out of the county. There was, then, no authority for the plaintiff and the justice to proceed, the return was notice *736 to them of the want of personal service and of residence; consequently as to them the judgment and execution could be no protection. Nor will it a.vail the plaintiff below, that the constable, officially acting at his instance on illegal process, commanded him to assist — the whole proceeding is at his instance and he is answerable. He cannot divest himself of his knowledge and character of an actor at the command of a constable who is set to work by himself. But as to the constable and Watrous, both strangers to the proceedings before the judgment, the process of execution, valid -onits face, is a justification: (6 O. 147, &c.) The demurrer, therefore, should have been sustained as to Watrous, and overruled as ■to Harmon. The judgment is affirmed as to Watrous and reversed -as to Harmon, and remanded back for further proceedings.