ROSEWATER *v.* SCHWAB CLOTHING CO.

Opinion delivered February 3, 1894.

1. *Attachment—Intervention—Oral pleading.*

Since the code requires all pleadings in the circuit court to be in writing, it is error to refuse to require an attaching creditor to file a written answer to an interplea; but the error of permitting an oral answer is not prejudicial if the single issue tendered is such that it could not be misunderstood by the jury.

2. *Attorney and client—Privileged communications.*

On the issue whether a purchase of a stock of goods was *bona fide*, the evidence of an attorney that he informed the purchaser, a few days before the sale, that he held claims against the seller is not objectionable as a communication from attorney to client, although the purchaser had sought advice from such attorney and thereby caused him to suspect that he contemplated purchasing the goods.

3. *When admission of incompetent evidence not prejudicial.*

The admission of evidence which is immaterial as well as incompetent is not prejudicial where there was other and competent evidence amply sufficient to sustain the finding of the jury.

4. *Fraudulent sale—Notice to purchaser.*

One who purchases a stock of goods with actual knowledge of his vendor's fraudulent intent, or with notice of such facts and circumstances as would put a prudent man upon inquiry and would lead to knowledge of such fraudulent intent, takes no title as against the vendor's creditors.

Appeal from Carroll Circuit Court, Western District.

EDWARD S. McDANIEL, Judge.

*Pittman & Stuckey* for appellants.

1.   There was no issue made by the pleadings.   The interpleaders were claimants of the goods, and filed their complaint under section 356, Mansfield's Digest, and the court should have required plaintiff to answer, so as to make an issue of fact.   Pleadings must be written. Mansfield's Digest, secs. 4124, 5020, 5024-5.

2.   Mrs. Thornton could not testify, for her husband was a party.   34 Ark. 675.

3.   The testimony of A. Davis should not have been admitted.   He was the attorney of Pendergrass.   21 Ark. 387.

4.   The court erred in its instructions.   31 Ark. 554; 18 *id*. 123.

*Crump & Watkins* and *A. Davis* for appellees.

1.   It was not error to refuse to require plaintiff to answer the interplea.     Mansf. Dig. secs. 356, 358; Waples, Att. 481-2; 53 Ark. 133; 47 *id*. 31.

2.   If Gadd's testimony was inadmissible, appellants should have specifically referred to the facts constituting the error.   39 Ark. 420; 44 *id*. 213; Thompson on Trials, sec. 2756.

3.   The admission of the testimony was harmless, and not a reversible error.   55 Ark. 163.

4.   The testimony of Davis was admissible; he was not the attorney of Pendergrass.   12 Pa. St. 304; 1 Gr. Ev. (14th ed.) sec. 244; Mechem, Ag. sec. 883.

5.   There is no error in the charge of the court.   55 Ark. 244; 49 *id*. 147.

6.   The evidence makes a clear case of a fraudulent sale.   45 Ark. 520; 50 *id*. 314; 55 *id*. 579; 3 McCrary, 638; 6 Wall. 299; 101 U. S. 141; Bump, Fr. Conv. (3d ed.) pp. 201-2-3.

MANSFIELD, J.   The Schwab Clothing Company brought an action in the Carroll circuit court against K.

B. Thornton to recover the amount of a debt due to that company from Thornton, and obtained an attachment against his property, on the alleged ground that he had sold and conveyed it with the fraudulent intent to cheat, hinder, or delay his creditors. The attachment was levied upon a stock of merchandise found in the possession of B. J. Rosewater and H. T. Pendergrass, who had purchased the same from Thornton before the attachment issued. Rosewater and Pendergrass having filed an interplea claiming the attached property, and no answer thereto having been filed, they moved the court to require the plaintiff to file such answer. The motion was denied; but, the plaintiff company having stated to the court that it admitted that the goods were purchased by the interpleaders for a valuable consideration, and were delivered to them before the issuance of the attachment, and that they would undertake to defeat the sale solely on the ground that it was made by Thornton to defraud his creditors, and that the interpleaders purchased with knowledge of such intent, the court treated this statement as forming an issue as to the validity of the sale, and ruled that the burden of proof was upon the plaintiff, and that it was entitled to open and conclude the case. The issue thus formed was submitted for trial to a jury, and their verdict was for the plaintiff.

The abstract of the appellant contains neither the instructions given and refused nor the motion for a new trial. The appellees' brief, however, has copied the instructions, and stated three assignments of error, taken, as we suppose, from the motion. We have considered these assignments, but have not gone beyond them to consider points made upon matters not found in the record as abstracted by either of the parties. *Ruble* v. *Helm*, 57 Ark. 304; 21 S. W. Rep. 470.

1. The first of the assignments thus presented is upon the refusal of the court to require a written answer to the interplea. The code requires all pleadings in the circuit court to be in writing. Mansf. Dig. sec. 5020. If, therefore, it was necessary to answer the interplea at all, the answer could not properly be an oral one, except by consent; and if the interplea was an independent pleading by one occupying the position of a party plaintiff, then it follows that an answer was necessary.

1. Pleadings in circuit court should be in writing.

The code provides that "any person may, before the sale of any attached property, or before the payment to the plaintiff of the proceeds thereof,   *   *   *   * present his complaint, verified by oath, to the court,   * *   *   *   stating a claim to the property, or an interest in it,   *   *   *   and setting forth the facts upon which such claim is founded, and his claim shall be investigated." Where the claimant is a non-resident, he is required to give the security for costs required of all non-resident plaintiffs before bringing their actions; and it is further provided that "the court may hear the proof, *   *   *   or may impanel a jury to inquire into the facts." Mansf. Dig. secs. 356, 358.

If the facts stated in the claimants' complaint are not sufficient to constitute a title to, or an interest in, the property, it is certainly not made the duty of the court to proceed with the investigation; and it is equally plain that the plaintiff in the attachment cannot be denied the privilege of questioning the sufficiency of the complaint by demurrer, before being subjected to the delay and expense of an inquiry as to the existence of the facts it alleges. Nor can we think that the statute intends that the claimants, after making oath to their complaint, shall prove the facts on which they rely, although they are undisputed. If they are to be denied, or matter in avoidance is to be set up, we are unable to see why it is not as important in this as it is in other proceedings that the

ground on which the attaching creditor resists the claim should be stated in writing. Thus to have it stated, and by a pleading offering a material and certain issue, would not only facilitate an investigation by the court, but seems to be as essential as it would be in ordinary cases to a proper trial of the claim by a jury. Such appears to have been the view entertained by this court in *Neal* v. *Newland*, 4 Ark. 459, and *Hershy* v. *Clarksville Institute*, 15 Ark. 130. These cases arose under a statute not substantially different from the code provision to which we have referred. In the former case it was held that the interplea of one claiming attached property must be in writing, and embody matter sufficient to support a judgment. In the case last above cited it was held that the claimant could prosecute his claim as an independent proceeding ; and it was said by Chief Justice Watkins that the interplea "proceeds upon the ground of a wrongful injury" to the claimant's "right of possession," and that it was allowed as a "summary," but not, when prosecuted in the circuit court, "informal, substitute" for replevin.

Under a statute very similar to that in force here at the time of the decisions just cited, the Supreme Court of Illinois held that where an interplea claiming attached property remains unanswered, it will be taken to be true ; thus placing the interplea, as do other authorities, upon the same footing as any other pleading in the nature of a complaint or petition. *Williams* v. *Vanmetre*, 19 Ill. 293 ; Boone's Code Pleading, sec. 159a ; Waples, Attachment, sec. 7, p. 481. And why should it not be so regarded, since there seems to be no reason for dispensing with an answer to the interplea that is not equally applicable to an action of replevin ?

In *Berlin* v. *Cantrell*, 33 Ark. 611, the opinion of the court treats an interplea filed under sec. 5583 of Mansf. Digest, as a proceeding similar to the interplea

filed under the attachment law in force before the adoption of the code. Speaking of the interplea in that case, Chief Justice English said it was in the nature of a cross-action for the property claimed by Mrs. Cantrell, and "was her suit, in which, in legal effect, she was the plaintiff." In two later cases a similar view is taken of the remedy afforded in attachment proceedings by the code provision quoted above. *Sannoner* v. *Jacobson*, 47 Ark. 31; *Rice* v. *Dorrian*, 57 Ark. 545. Commenting on that provision in *Sannoner* v. *Jacobson*, Chief Justice Cockrill says that the "intervening suit is a separate and distinct one." As such is its nature, we think the pleadings in it must be governed by the rules applicable to similar pleadings in other actions. Boone, Code Pleading, sec. 159.

Our conclusion, therefore, on this point is that the court erred in refusing to require a written answer to the interplea of the appellants. But in the present case the error was obviously a harmless one. The oral answer which the appellee was permitted to make appears to have been concisely stated, and the single issue it tendered was such as the jury could not have failed to understand when submitted to them by the court's charge. And, as the answer undertook to avoid the sale of the goods solely on the ground that it was fraudulent, the appellee assumed the burden of proof, and was properly allowed to open and conclude the argument.

2. The second assignment is that the court erred in admitting the testimony of A. Davis and John Gadd. The court permitted Davis, one of appellee's attorneys, to testify that he informed Pendergrass, on the day of the sale to the appellants, or a few days before the sale, that he (Davis) had claims for collection against Thornton. The objection made to this evidence seems

2. When communications of attorney not privileged.

to be that the occasion of the notice it tended to prove was a communication made by Pendergrass to Davis as an attorney, and in asking the latter's advice as to the purchase of a stock of merchandise from a person in debt. But the communication itself was not given to the jury, and it appears from Davis' statement to the court, in the absence of the jury, that Pendergrass, in making the communication, declared that it had no reference to the Thornton stock. The mere fact that the advice requested by Pendergrass caused Davis to suspect that he contemplated the purchase of Thornton's stock, and to give the notice testified to, did not make the fact of the notice inadmissible, and, as Davis' statement before the jury embraced nothing that was said by Pendergrass, and no advice given by Davis, it was clearly competent. *

3. As to admission of incompetent evidence.

3. The witness Gadd, after stating that he was Thornton's clerk, and, during the latter's absence, had charge of his business, was permitted to testify that Thornton's wife had informed the witness that her husband had written to her, directing that no more money be paid out on his debts until he returned. There was no proof of facts sufficient to make this declaration of Mrs. Thornton admissible; for it was not shown that she acted as the agent of her husband in the management of his business, nor that the declaration was made in the course of such an agency, and with reference thereto. *Watkins* v. *Turner*, 34 Ark. 663; *Shields* v. *Smith*, 37 Ark. 47. But there is nothing in the record to indicate that the evidence thus improperly admitted was prejudicial to the appellants. The date of the husband's communication to the wife is not given, and, for aught that appears to the contrary, he may have had reasons for sending it which

---

*See Mansf. Dig. sec. 2859; *Andrews* v. *Simms*, 33 Ark. 771.

were entirely consistent with an existing purpose to deal honestly and justly with his creditors. It does not appear to have had any connection with the sale, and we cannot suppose that the jury regarded it as a circumstance of much weight or importance. There was other evidence abundantly sufficient to justify the finding of the jury, and the admission of Gadd's testimony was not, therefore, an error for which the verdict should be disturbed. *Greer* v. *Laws*, 56 Ark. 37; *Sharp* v. *Johnson*, 22 Ark. 79, 86.

4. The remaining assignment is upon certain instructions given to the jury against the appellants' objection, and upon the court's refusal to give other instructions which they requested.* The questions raised by this assignment are settled by previous decisions; and it is only necessary to say that we discover no material error in the court's charge, and think that none was committed in rejecting the appellants' requests. *Dyer* v. *Taylor*, 50 Ark. 314; *Adler-Goldman Com. Co.* v. *Hathcock*, 55 Ark. 579, 582.

Affirmed.

4. As to notice of fraud.

---

* The instructions given to the jury over appellants' objections were based upon the theory that a purchaser would be bound by *constructive* notice of his vendor's fraudulent intent, appellants insisting that the purchaser must have *actual* notice. One of the instructions given by the court and objected to by appellants was as follows:

"If you find from the evidence, and by a preponderance thereof, that the defendant, Thornton, at the time of making the sale to the interpleader, Rosewater, made the same with the fraudulent intent to cheat, hinder or delay his creditors, and you further find, by a preponderance of the evidence, that said Rosewater, at the time of purchasing, had knowledge of such fraudulent intent, or had notice of such facts and circumstances as would put him as a prudent man upon inquiry, and which would lead to a knowledge of such fraudulent intent of Thornton, and purchased with such knowledge or notice, then such sale would be void as to creditors of said defendant, Thornton."