APPLING *v.* STATE.

Opinion delivered May 23, 1910.

1. WRIT AND PROCESS—WHEN OFFICER PROTECTED.—A ministerial officer is justified in executing a search warrant regular on its face and issued by a court or magistrate having jurisdiction of the subject-matter, although it was issued without an affidavit being filed as required by law. (Page 186.)

2. VENUE—PRESUMPTION.—Where, in a prosecution for resisting a town marshal while endeavoring to serve a warrant, the evidence establishes that the officer was resisted, but it does not affirmatively appear that the resistance was committed within the town limits, it will be presumed that the officer was acting within his authority, namely, within the town limits. (Page 188.)

3. RESISTING OFFICER—SUFFICIENCY OF EVIDENCE.—One who stands on the threshold of her home and refuses to permit an officer to execute a search warrant is guilty of obstructing the officer, without any further overt act. (Page 190.)

Appeal from Sebastian Circuit Court; *Daniel Hon,* Judge; affirmed.

*C. T. Wetherby,* for appellant.

It is no offense to resist an officer unless in the performance of an official duty. 29 Cyc. 1333-4. The warrant being void, they were not officers, but trespassers. Art 2, § 15, Const. 1874; Kirby's Dig., § 5145. The search and seizure law is void, because in conflict with 'sec. 15 of the bill of rights. 70 Ark. 94.

*Hal L. Norwood,* Attorney General, and *W. H. Rector,* Assistant, for appellee.

Failure to overrule a demurrer to a defective affidavit is no ground for reversal. 86 Ark. 436; Kirby's Dig., § 2506. Where the warrant has been issued by a court having jurisdiction of the subject-matter and is regular on its face, it is a sufficient protection to the officer. 21 N. H. 262; 21 Am. Dec. 181; 106 Mass. 296; Fed. Cas. No. 16,484; 17 Wis. 668; 44 Tex. Crim. 468. This is a proceeding *in rem,* is civil. 72 Ark. 171; 72 Ark. 439. The statute is constitutional. 70 Ark. 94.

McCULLOCH, C. J. Appellant was prosecuted before a justice of the peace of Sebastian County, on information filed by the deputy prosecuting attorney, for the offense of obstructing

or resisting an officer in the service of process. She was convicted, and appealed to the circuit court, where she was tried and again convicted, her punishment being fixed at a fine of $50, which is the minimum prescribed by the statute.

The form of the writ which the officer was executing when resisted is not set forth in the bill of exceptions, but the witnesses testified, without objection, that it was a writ issued by the mayor of the incorporated town of Hartford, Arkansas, to the marshal directing him to search the house of Lem Appling appellant's husband, for intoxicating liquors and to seize the liquors. The witnesses did not testify very clearly about the form of the writ, but speak of it as a search warrant or a seizure warrant; but it is fairly inferable from the testimony that it was an order issued by the mayor directing the officer to search the house for liquor, and to seize the liquor when found. No question was raised on this point, but it is insisted that, as the evidence shows that the writ was issued without an affidavit being filed, the writ was therefore void, and no offense was committed in resisting or obstructing the officer in serving it.

This question has given us no little concern, but after careful consideration we have reached the conclusion that, in the absence of an affidavit, a writ of the kind, regular on its face, is sufficient to protect the officer to whom it is directed, and an individual can not bid defiance to the writ and obstruct its execution without subjecting himself to criminal prosecution under the statute. In reaching this conclusion we are greatly aided by a very satisfactory opinion of the Supreme Court of New Hampshire. *State* v. *Weed,* 21 N. H. 262. The authorities are fully collected in that opinion, and the subject is exhaustively treated. The court in that case said: "The general principle, however, we hold to be quite clear: that where the process or warrant is regular and legal in its frame, bearing upon its face all the legal requisites to make it perfect in form, and, so far as can be discovered from its inspection, in substance also, and it appears to have been issued by a court or magistrate having jurisdiction of the subject-matter, and of the person of the respondent, the officer is to be protected in the service, notwithstanding any error or irregularity in the previous issuing of the same, or any imposition practiced upon the court in obtaining it; and that the party resisting the officer

is liable;" citing the following cases: *Savacool* v. *Boughton,* 5 Wend. 170; *Rogers* v. *Mulliner,* 6 Wend. 597; *Horton* v. *Hendershot,* 1 Hill (N. Y.) 118; *Fox* v. *Wood,* 1 Rawle 143; *Jones* v. *Hughes,* 5 Serg. & Rawle, 299; *Paul* v. *Van Kirk,* 6 Binn. 103; *Sturbridge* v. *Winslow,* 21 Pick. 83; *Wright* v. *Gould,* 1 Wright 709; *Brother* v. *Cannon,* 1 Scam. 200; *Robinson* v. *Harlan,* 1 Scam. 237; *State* v. *Curtis,* 1 Hayw. (N. C.) 471; *Foster* v. *Gault,* 2 McMullan (S. C.) 335.

In *Sandford* v. *Nichols,* 13 Mass. 286, Chief Justice Parker of the Supreme Judicial Court of Massachusetts, said: "We think that the defendants could have justified the acts complained of by showing a regular warrant from a magistrate having jurisdiction over the subject, without showing that it was founded upon a complaint under oath. It will not do to require of executive officers, before they shall be held to obey precepts directed to them, that they shall have evidence of the regularity of the proceedings of the tribunal which commands the duty. Such a principle would put a stop to the execution of legal process, as officers so situated would be necessarily obliged to judge for themselves, and would often judge wrong as to the lawfulness of the authority under which they are required to act. It is a general and known principle that executive officers, obliged by law to serve legal writs and process, are protected in the rightful discharge of their duty if those precepts are sufficient in point of form and issue from a court or magistrate having jurisdiction of the subject-matter."

In *People* v. *Warren,* 5 Hill (N. Y.) 440, it was held that "a ministerial officer is protected in the execution of process regular and legal upon its face, though he has knowledge of facts rendering it void for want of jurisdiction."

It is also insisted that the judgment should be reversed because the evidence fails to show that the officer, when resisted, was serving process within the corporate limits of the town of Hartford, neither the mayor who issued the writ nor the marshal who executed it having jurisdiction beyond those limits. It is true that nowhere in the testimony is it directly stated by a witness that the house of Lem Appling was situated in the town. The witnesses all relate the circumstances of the marshal and posse going to Appling's house to search for and

seize contraband liquors. They all lived at Hartford, and speak of going "around to Appling's house," or "down to Appling's house" to serve the writ. The marshal testified in the case, and told about standing on the street corner near a certain brick building talking to the mayor, when a man came along and told them that a dray-load of liquor was then being unloaded "down to Appling's house," whereupon the mayor went upstairs and issued the warrant, and he (witness) summoned two others, a deputy sheriff and a constable, to go with him, and they "went down to Appling's residence" to search for the liquor. The evidence showed that appellant's acts of obstructing the officers occurred at Appling's residence. Another witness testified as to the occurrence at Appling's house, and spoke of "coming along the street" when he heard what Mrs. Appling said to the officers. Numerous other witnesses introduced by each party testified about living in Hartford and being present when the officers raided Appling's house. Appellant testified herself about what occurred there at the house, but said nothing about the situation of the premises. She claimed that she did not resist the officers, but that on the contrary she told them where the liquor could be found in the house. It seems to have been taken for granted by all the parties that the Appling house was in the town, though the prosecuting attorney took pains to show directly by witnesses that the town of Hartford was in the Greenwood District of Sebastian County. No instructions were asked on that point.

We think the judgment should not be reversed on this ground. The authorities seem to agree that a presumption should be indulged as to the regularity and validity of official acts. Wharton, Crim. Ev., § § 833, 835; *Putman* v. *State,* 49 Ark. 449; *State* v. *Freeman,* 8 Ia. 428.

This presumption is not to be extended so as to cover substantive, independent facts essential to establish an issue. "The true principle intended to be asserted by this rule seems to be," says Mr. Best in his work on Evidence, § 300, "that there is a general disposition in courts of justice to uphold judicial and other acts rather than to render them inoperative; and, with this view, where there is general evidence of facts having been legally and regularly done, to dispense with proof of circum-

stances, strictly speaking, essential to the validity of those acts, and by which they were probably accompanied in most instances, although in others the assumption may rest on grounds of public policy." Now, when the rule stated by Mr. Best is applied to the facts proved in this case, we think the evidence is sufficient. The witnesses testified in general terms as to the form and substance of the writ, and the writ itself was not introduced, no objection being made to proving it in this way. It must be taken as established that the writ was regular in form, and commanded the officers to search for liquors in Appling's house in the town of Hartford, and to seize the same when found. The witnesses, including appellant herself, testified about the marshal serving the writ in the regular way, the only dispute being whether appellant resisted its execution. No violence is done to the presumption of innocence in favor of the accused by holding that under these circumstances the jury were warranted in finding that the officer was not attempting to serve a warrant beyond the limits of his territorial jurisdiction. The only evidence offered by appellant was to the effect that she did not obstruct the execution of the writ, but on the contrary yielded to it. There is a sharp conflict as to whether or not appellant obstructed the officers in executing the writ, and there is also a sharp conflict as to whether the alleged acts of resistance on the part of appellant occurred before or after the liquor was found by the officers and seized. The court submitted the question to the jury, and instructed them to find appellant not guilty of the charge if they believed from the evidence "that the search had been completed at the time the altercation happened between the officers and defendant." We conclude that there was evidence sufficient to warrant a finding that while the officers were executing the writ appellant resisted them and obstructed their efforts to serve it.

One of the officers testified that when the marshal informed her of the writ and told her he had come to seize the liquors, she said to them that they could not go in the house, and that she swore at them, called them vile names and threatened to get a gun and kill all of them. Afterwards, while the marshal had gone to get a dray to haul off the liquors, she insisted on her son being allowed to go in the house, and assaulted one

of the officers who attempted to prevent the boy from entering the house.

Error of the court is assigned in refusing to give the following instruction at appellant's request: "4. The mere stating by defendant that the officers could not search the house, unaccompanied by any overt act or threat by her, would not be a violation of the law; and if you should find that this was all that she did, you will acquit."

This instruction is incorrect, and was properly refused. It would not do to hold that one who stands in the way and refuses to permit an officer to execute process is guiltless of obstructing the officer. Such refusal is of itself an obstruction, for the officer may desist in order to avoid violence or bloodshed and the service of process would be thus hindered. It is the purpose of the statute to prevent this. The statute is broad, and covers any resistance or obstruction to an officer in the execution of process. If appellant stood on the threshold of the house and refused to permit the officer to enter for the purpose of executing the writ, her attitude was of itself an obstruction and resistance, and no further overt act was necessary to complete the offense. *Williams* v. *State*, 70 Ark. 393.

We are of the opinion that there is no error in the record. So the judgment is affirmed.

WOOD and HART, JJ., dissenting.