### Goode v. Commonwealth.

(Decided June 15, 1923.)

## Appeal from Barren Circuit Court.

1. Searches and Seizures—"Probable Cause" Must Warrant Cautious Person in Believing Offense Has Been Committed.—Under Constitution, section 10, requiring an affidavit for a search warrant to show probable cause, the term "probable cause," as has been defined in cases of malicious prosecution, is that which affords a reasonable ground of suspicion, supported by circumstances sufficiently strong within themselves to warrant a cautious person in a belief that accused is guilty of the offense of which he is charged, and credible information received from others might well be enough to induce such action.

2. Searches and Seizures—Affidvait for Search Warrant Made on Information and Belief Without Stating Sources is Insufficient.—An affidavit for a search warrant is insufficient, if made on information and belief without stating the sources of the information or the facts on which the belief of the affiant is based.

3. Searches and Seizures—Probable Cause is Question for the Court and Not for the Accuser.—The existence of probable cause sufficient to authorize the issuance of a search warrant is a question for the court and not for the accused to determine from the facts.

4. Searches and Seizures—Affiant is Not required to State Facts Within His Personal Knowledge.—To authorize the issuance of a search warrant it is not necessary that the affiant state facts within his personal knowledge, to which he would be permitted

to testify at the trial of the person accused, but only facts and circumstances which will enable the officer issuing the warrant to determine whether there is probable cause.

5. Intoxicating Liquors—Affidavit Based on Information from Named Person Held Sufficient.—An affidavit for a search warrant stating that a named individual had told affiant, within a short time before the affidavit was made, that he had seen whiskey in bottles, jars, jugs, and kegs in the house in question on the day on which the affidavit was made, stated sufficient facts to warrant the judge in finding probable cause, even though the affiant would not be competent to testify to those facts at a trial.

6. Searches and Seizures—Affidavit Containing Statements which would Sustain Prosecution of Assumed Maker is Sufficient.—The usual test of the sufficiency of an affidavit to authorize a search warrant is whether it contains statements which would authorize the prosecution of the affiant, if any material statement therein is shown to be false, and, since a provable charge could be based on an affidavit falsely stating that a designated person had made a specific statement, a search warrant may be issued on that affidavit, though it could not be on an affidavit merely stating that the affiant had information and belief.

7. Searches and Seizures—Court can Consider Character of Affiant and His Informant Deciding Probable Cause.—In deciding whether an affidavit, stating that affiant had been informed by a designated individual that liquor was unlawfully possessed, showed probable cause for the issuance of a search warrant, it is proper for the court to consider, if he knows, the character of the person making the affidavit, as well as the character of the person from whom the information was obtained.

J. R. WHITE for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

The ground alleged for a reversal of this judgment is the admission of testimony procured under a search warrant that is said to be illegal because of the affidavit on which it was issued.

The affidavit states "that there are reasonable grounds to believe, and he (affiant) does believe, that whiskey is kept unlawfully on the premises, residence and outbuildings and place occupied by Walter Gray and Chas. Henry Goode in the town of Glasgow, Ky." It then definitely describes the premises, and says: "This affiant states that he bases his opinion and belief upon the following facts, to-wit: That H. Mansfield came to him not more than an hour ago from the time this affi-

davit is written, and told this affiant that he visited said premises as described above and that he, the person giving this information, the said H. Mansfield, says he saw whiskey in bottles and fruit jars, jugs and kegs on a table in said house occupied by said Grady and Goode, and that he saw some about eight o'clock a. m. on the day this affidavit was written.''

On this affidavit W. E. Jones, judge of the police court of Glasgow, issued the search warrant in question. It is contended by appellant that the affidavit is insufficient in that it fails to show the "probable cause, supported by oath or affirmation,'' required by section 10 of our Constitution.

Probable cause, in cases of malicious prosecution, has been frequently defined by the courts as that which affords a reasonable ground of suspicion supported by circumstances sufficiently strong within themselves to warrant a cautious person in the belief that the person accused is guilty of the offense of which he is charged. And it has been held that while mere conjectures and suspicions will not warrant a prosecution, credible information received from others might well be enough to induce such action, although proof that the information came from an unreliable source would be important in showing that the information was such that a reasonable man would not act on it. 18 R. C. L., page 36. The weight of authority is that an affidavit for a search warrant is insufficient if made on information and belief, though the opposite conclusion has also been reached. 24 R. C. L. 708. This court has adopted the rule of more general application.

In Cooley and Crawford v. Commonwealth, 195 Ky. 706, it was held that an affidavit that stated "there is probable cause and reasonable grounds for believing that at the building and premises . . . intoxicating liquors are being sold,'' etc., was not sufficient. In so holding it was pointed out that the affidavit did not "state a fact or circumstance on which one might rely for probable cause, or which would support a reasonable belief that the appellants were guilty of any public offense.'' And, elaborating the point, it was said: "The statement of any facts or circumstances in an affidavit, which would be ordinarily calculated to induce in the mind of a reasonable person the belief that the accused is guilty of a public offense charged against him, will suffice to war-

rant the officer in issuing the search warrant because it affords probable cause.''

In Price v. Commonwealth, 195 Ky. 711, decided the same day as the case just referred to, and involving a similar affidavit, it was said: ''It has been uniformly held that the existence of probable cause is a question for the court, and cannot be delegated to the accuser.'' In that opinion the court referred to the fact that the affidavit merely asserted that the state's attorney was informed and believed that the facts existed, and ''does not give the name of the person furnishing the information; makes no statement as to where or how the information and belief was obtained, or on what information his belief was founded, or whether it was such information as would inspire belief in the mind of a less credulous person.'' And, reiterating that the affiants did ''not state the character or source of the information or the circumstances under which it was obtained,'' it was held that the affidavit was not sufficient.

In the later case of Mattingly v. Commonwealth, 197 Ky. 583, in which the affidavits contained statements of affiant's belief based upon ''reasonable grounds,'' reference was made to the fact that none of the reasonable grounds was stated, and, if they existed, ''appear only to the affiant and not to the court or officer whose duty it is to issue the warrant.'' Following a reference to the term ''probable cause'' as used in the Constitution, it was said: ''The courts everywhere, without exception, construe that, and similar language in the respective constitutions, to mean that the probable cause must appear and be possessed by the officer who issues the warrant and not necessarily by the affiant who makes the affidavit and that it shall be made to appear to the officer issuing the warrant only upon oath or affirmation.''

It will be seen from these decisions, and from the general rule announced in Price v. Commonwealth, *supra,* that the existence of probable cause is a question for the court and cannot be delegated to the accuser. Likewise the affiant's statement that he is informed and there is probable cause for believing that an offense has been committed is not sufficient, but he must, as decided in the cases referred to, state facts or circumstances on which his belief is based, or, as indicated in the Price case, give the name of the person furnishing the information, and where and how it was obtained, or on what in-

formation his belief is founded, so that the officer that is called on to issue the warrant may determine whether probable cause exists for issuing it. This does not mean, as we construe the law, that the affiant must state facts within his personal knowledge to which he would be permitted to testify at the trial of the person accused, but only facts and circumstances which will enable the officer issuing the warrant to determine whether there is probable cause for believing that an offense has been committed.

The affidavit in this case contains a statement of the ground of the affiant's belief, and gives the name of the person furnishing the information; also the circumstances under which he obtained it, as well as those pertaining to the disclosures made to the affiant. Of course the statements made to the maker of the affidavit would not be admissible in evidence to prove the charge, but, nevertheless, the affidavit contains statements of fact as to a conversation and the information imparted in that conversation, and the officer issuing the warrant had the right to consider those statements in determining whether there existed probable cause for issuing the warrant.

The usual test of the sufficiency of an affidavit is whether it is so drawn that a prosecution could be maintained thereon if any material allegation contained therein is false. No sustainable charge could be based on an affidavit falsely alleging information and belief, but a provable charge could be based on an affidavit falsely stating that a conversation occurred with a designated person, in which that person made specific statements. Hence there is good reason for refusing the warrant in the one instance and issuing it on the other, for in the first case no one could be held responsible for any injustice that might result from the search, whereas in the second case the responsibility would be fixed. With this distinction in view, and having in mind the constitutional aim of protecting the person and property of the citizen from unreasonable search, we do not think it necessary that the affidavit contain statements that amount to evidence or to which the maker would be permitted to testify on the trial, but only such statements which, if falsely made, would sustain a prosecution against the maker, and which afford probable cause for the belief that an offense had been committed. We may add that

in deciding whether the affidavit shows probable cause it is quite proper for the court to consider, if he knows, the character of the person making the affidavit, as well as that of the person from whom the information was obtained. Presumably the judge issuing this warrant was acquainted with the maker of this affidavit and him from whom the information was first obtained. He had, as we have said, the right to consider the source of the information in connection with the statements made. Having done so, there appeared to him probable cause for issuing the warrant. We cannot say his conclusion was wrong. It follows that the evidence complained of was properly admitted, and, there being no other errors assigned, the judgment is affirmed. Whole court, except Judge McCandless, sitting.