## Sullivan v. Commonwealth (First Case).

May 20, 1947.

Ray C. Lewis, Judge.

J. Milton Luker for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing.

Appellant has appealed from a judgment of conviction under an indictment charging him with unlawfully having intoxicating liquors in his possession for purposes of sale in local option territory. He contends he was entitled to a directed verdict of acquittal at the conclusion of the introduction of evidence for the Commonwealth, because (1) the affidavit upon which the search warrant was issued does not state facts from which the officer who issued the warrant could determine that probable cause existed for its issuance, consequently the Court should have suppressed the evidence obtained thereunder; and (2) the only other evidence introduced (the testimony of John Black) was incompetent and insufficient to support the charge contained in the indictment.

The Attorney General concedes the first contention, and rightly so. The reasons for requiring the filing of an affidavit as a prerequisite to the issuance of a search warrant are: (1) To enable the officer whose jurisdiction is invoked to determine judicially whether probable cause exists for issuing the warrant; and (2) to fix responsibility for civil redress or criminal prosecution in the event of a false accusation. Goode v. Commonwealth, 199 Ky. 755. 252 S. W. 105. Since the issuing officer is the sole authority in whom the judicial discretion rests, he may not delegate this function of his office to the accuser. When an officer issues a warrant on the strength of a statement that the affiant has ''good and sufficient information'' upon which to form a belief that contraband property is being concealed, and the affidavit fails to disclose the substance of the information, such officer permits the accuser to usurp the judicial function

of his office; and since no fact has been recited to substantiate the charge, the accused would be without civil redress and there would be no basis for prosecution if the accused has been falsely charged. Goode v. Commonwealth, supra. The affidavit in this case is subject to both of these criticisms, for which reason the Court should have suppressed the evidence uncovered by the search.

John Black gave the following answers to the following questions:

"Q. On this day do you know whether Johnny Sullivan was engaged in the sale of liquor? A. Yes.

"Q. How did you know that? A. I saw him.

"Q. How long before you made the search? A. About an hour.

"Q. Did you report what you saw to Mr. Blankenship (the author of the affidavit upon which the search warrant was issued)? A. Yes, he was with me."

At this point the Court made the following inquiries and received the following answers from the witness:

"Q. You say you saw him make a sale of liquor a short time before you searched the premises? A. I did not say he made the sale but the transaction was made.

"Q. Where was that made? A. In front of his home.

"Q. In front of this same house? A. Yes."

Had the witness concluded his testimony with his answer to the second question, the Commonwealth would not have been precluded from arguing that the answer, "I saw him," should be construed to mean, "I saw him selling whisky." But the testimony did not conclude at that point, and the subsequent testimony demonstrates beyond doubt that such a construction would have been erroneous. The witness simply testified that he saw a transaction. We do not know, nor can we determine, the nature of the transaction, except that it was not a transaction concerning the only subject about which the witness was interrogated, viz., the sale of whisky. That being true, this witness's testimony not only is devoid

of substance in respect to the matter under inquiry, but it conveys no intelligible message concerning that or any other matter. The Commonwealth proved appellant's reputation for unlawfully engaging and trafficking in intoxicating liquor is bad. That evidence alone is not sufficient to sustain a conviction.

The judgment is reversed for proceedings consistent with this opinion.