**Charles RUTH and Rosetta Ruth, Appellants,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 1, 1957.

Roy House, Manchester, for appellant.

Jo M. Ferguson, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

This is a motion for appeal from a judgment imposing upon Charles and Rosetta

Ruth a fine of $100 and a sentence of thirty days in jail for possession of liquor for sale in local option territory in violation of KRS 242.230(1).

The Ruths contend that evidence obtained by a search of their premises was inadmissible because the affidavit for the search warrant was insufficient.

The affidavit, by one Bill Deaton, stated that affiant believed and had reasonable grounds to believe that Charles Ruth illegally possessed certain alcoholic beverages at certain described premises in Clay County. The facts that formed the basis for the belief were "that Bill Deaton bought 3 cans and one quart of beer about 3 o'clock on the 11th day of February, 1956." It will be observed that the affiant did not state from whom or where the beer was purchased.

Section 10 of the Constitution of Kentucky provides:

"The people shall be secure in their persons, houses, papers and possessions, from unreasonable search and seizure; and no warrant shall issue to search any place, or seize any person or thing, without describing them as nearly as may be, nor without probable cause supported by oath or affirmation."

The reasons for requiring an affidavit are to enable the judicial determination of whether probable cause exists and to fix responsibility for civil redress or criminal prosecution in the event of false accusation. Sullivan v. Com., 304 Ky. 780, 202 S.W.2d 619; Goode v. Com., 199 Ky. 755, 252 S.W. 105. It is for the court and not the accuser to determine whether probable cause exists, and since the sufficiency of the affidavit must be measured by what appears within the four corners of the affidavit, it is necessary that the affiant state facts as a basis for his belief.

The mere recital that the affiant purchased beer on a certain date, without stating where or from whom. in no way

serves as a basis for his asserted belief. There is nothing, therefore, within the affidavit upon which to determine probable cause, nor could an action be maintained upon the affidavit for false swearing.

The other grounds urged for reversal are without merit.

The motion for an appeal is sustained and the judgment is reversed.

CAMMACK, J., dissenting.