JAMES TYGART *v.* THE STATE OF ARKANSAS

5456                                        451 S. W. 2d 225

Opinion delivered February 23, 1970
[Rehearing denied March 30, 1970.]

*Jeff Duty,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. Appellant James Tygart was

convicted of violating the Arkansas Drug Abuse Control Act. He was found in possession of an automobile containing a large quantity of dextroamphetamine tablets, marketed under the trademark Dexedrine. Appellant here alleges the drugs to have been confiscated under illegal searches and seizures; also, he contends that the testimony of the accomplice was not substantially corroborated.

The facts incident to Tygart's first encounter with the officers are brief. Officer Quimby Johnson testified that he and two fellow officers were on the lookout for Tygart; that from facts furnished Johnson by a confidential source, Johnson had reasonable grounds to believe that Tygart was returning from Mexico in a red and white Rambler station wagon with a large quantity of Dexedrine tablets. At approximately 3:30 a.m. on May 22, the officers spotted the described vehicle on Highway 68 just east of Tontitown, Washington County, and recognized the driver, Tygart. The latter stopped the station wagon on signal from the officers. After checking Tygart's driver's license, the officers made a cursory search of the car and found 120 bottles of tablets. After that discovery the officers placed Tygart and his companion under arrest. The first point for reversal is that the fruits of the described search, having been made without a search warrant, were not admissible in evidence, being precluded by the unreasonable search provisions in the Fourth Amendment to the United States Constitution and Ark. Const. art. 2, § 15.

The right of officers to stop and there search a motor vehicle under certain circumstances without a warrant or previous arrest was treated thoroughly in 1925 with the pronouncement in *Carroll* v. *U. S.*, 267 U. S. 132. The fundamental requirements of the "Carroll Rule" are (1) that the officers have reasonable cause to believe the vehicle contains that which by law is subject to seizure, and (2) that it is not reasonably practicable to obtain a search warrant. To the same effect see Wharton's Criminal Law and Procedure (12th

Ed. 1957); also see *Chimel* v. *California*, 395 U. S. 752 (1969). In *Burke* v. *State,* 235 Ark. 882, 362 S. W. 2d 695 (1962), the officers stopped the car and searched it without a warrant. In upholding the reasonableness of·the search this court said:

> In the case at bar, the testimony of the officers as to the heavily loaded car, their knowledge of appellant's reputation as a known bootlegger, and the strong odor of wild-cat whiskey in the car all add up to probable cause for the search.

In commenting on the search of an automobile involved in *Mann* v. *City of Heber Springs,* 239 Ark. 969, 395 S. W. 2d 557 (1965), we said:

> It is true that not all searches and seizures. without a warrant are prohibited. Only those searches and seizures which are unreasonable are prohibited by the Fourth Amendment to the United States Constitution and Art. 2, § 15, Arkansas Constitution. We recognize the rule that an automobile may be searched without a warrant where there is reasonable or probable cause for the belief of the officers that contents of the automobile offend against the law.

In view of the total circumstances in the case before us, we think the search was reasonable and the fruits of that search admissible. Officer Johnson testified that he had been reliably informed that James Tygart would be returning from Mexico with a quantity of illegal drugs and that he would be driving a 1960 red and white Rambler. Subsequently, and at an unusual night hour, Johnson identified the car and the driver on a "back-door route" to Springdale or Fayetteville, his logical destinations. Appellant did not challenge the search on the grounds that it would have been practicable under the circumstances for the officer to have obtained a search warrant before making a cursory examination of the contents of the vehicle.

Now to the second search of the automobile. In the afternoon of May 23, Officer Johnson obtained a search warrant from Judge Cummings, searched the car, and found an additional box containing 128 bottles of Dexedrine tablets. Appellant moved to suppress that evidence on the ground that the State could not produce an affidavit upon which the issuance of the search warrant should have been based. Neither Officer Johnson nor Judge Cummings could state for certain that an affidavit was in fact executed. It is undisputed that Officer Johnson related under oath to Judge Cummings facts which constituted probable cause for the search. Thereupon the judge executed a standard printed form search warrant after inserting in his handwriting the substance of the facts related to him by Officer Johnson. That warrant was introduced in evidence over appellant's objection. The warrant reads:

## SEARCH WARRANT

In the Circuit Court of Washington County, Arkansas

STATE OF ARKANSAS       ) ss
COUNTY OF WASHINGTON)

TO ANY SHERIFF, CONSTABLE OR POLICE-MAN IN THE STATE OF ARKANSAS:
Affidavit having been made before me by Quimby Johnson that he has reason to believe that on the premises known as 1960 Rambler Station Wagon, License No. AGE 157, registered to Chester Hill, located behind Washington Co. Court House in the City of Fayetteville, County of Washington, State of Arkansas, there is now being concealed certain property, namely firearms and/or amphetamine and other stimulant and depressant drugs and other illegal drugs which are concealed in and about said car for the reason some firearms and illegal drugs were found on the floor of the said station wagon when the car was stopped and the occupant, James Harvey Tygart was arrested. He

was taken by me to the County Jail before I had completed search of the car and I am satisfied that there is probable cause to believe that the property so described is being concealed on the premises above described and that the foregoing grounds for application for issuance of the search warrant exist. YOU ARE HEREBY COMMANDED to search forthwith the place named for the property specified, serving this warrant and making the search at any time in the day or night and if the property be found there to seize it, leaving a copy of this warrant and a receipt for the property taken, and prepare a written inventory of the property seized and return this warrant and bring the property as required by law.
DATED this 23 day of May, 1969.
[Signed] Maupin Cummings, Circuit Judge

Most jurisdictions, federal and state, have statutes requiring a written affidavit as a prerequisite to the issuance of a search warrant. In fact they are so numerous that most text writers flatly state as a general rule of law that a written affidavit is required. We have no general and comprehensive search warrant statute. As various criminal laws have been enacted the Legislature has added a search provision in those situations when it was deemed needed. Examples of such statutes are gaming, stolen property, prostitution, machine guns, and intoxicating liquors. None of those specific statutes requires a written affidavit for a search warrant.

The Constitution of the United States, amendment 4, and Ark. Const. art. 2, § 15, are almost identical, and we see no substantive difference. Our Section 15 is as follows:

UNREASONABLE SEARCHES AND SEIZURES. —The right of the people of this State to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue except upon probable cause, supported by oath or affirmation,

and particularly describing the place to be searched and the person or thing to be seized.

The phraseology is not complicated. They both require a showing of probable cause, supported by oath or affirmation, and the warrant must particularly describe the place to be searched and the objects to be seized. There is no mention of a written affidavit.

We find three jurisdictions in which the courts dealt with the same phraseology contained in the provisions above cited. The statutes of Washington require only an oath or affirmation to support a finding of probable cause. In two different cases writings were presented to the magistrate and they were both void. However, in each case, witnesses appeared before the magistrate and gave oral testimony. *State* v. *Walcott*, 435 P. 2d 994 (Wash. 1967); *State* v. *Malbeck*, 419 P. 2d 805 (Wash. 1966). In *Walcott* the court said:

> Although the federal practice, which results in making and preserving a contemporaneous record of the proceedings before the magistrate, may be preferable; however, it is not a constitutional requirement under the Fourth Amendment.

*Sparks* v. *U. S.*, 90 F. 2d (1937). At the time of the decision in *Sparks* the Criminal Code, 18 U. S. C. A. § 287, authorized the issuance of a search warrant upon a showing of probable cause submitted under oath or affirmation. The affidavit which formed the basis of the search warrant was insufficient. However, the United States Commissioner testified that the affiant's informant appeared before him under oath and related that the accused had told him that he had counterfeit molds at his home. The court held that the oral testimony related by the Commissioner was sufficient to support a finding of probable cause. The court related that it had been cited no case (save one which was not in point) construing a search warrant statute such as the one cited which holds that competent oral testimony does not establish probable cause. The court said, "oath or affirmation," within the meaning of the

Fourth Amendment, includes sworn oral, as well as written, testimony.

In *United States ex rel Boyance* v. *Myers, Superintendent,* 270 F. Supp. 734 (1967), Boyance sought to set aside a Pennsylvania conviction of 1961. He attacked the validity of the search of his home and automobile. The affidavit for the search warrant did not support a finding by the judicial officer that there was probable cause for the issuance of the warrant. However, it being established that the officer who obtained the warrant gave sufficient unrecorded oral testimony, the warrant was held valid. There the court said:

> The Fourth Amendment requires only that probable cause be 'supported by Oath or Affirmation,' it does not require that the support be in writing. Oral testimony as well as affidavit in writing, may serve as the basis for the issuance of a warrant under constitutional standards.

There can be no question as to the better procedure. The preservation of the proceedings before the magistrate issuing the warrant is much to be preferred. Time erases the availability of witnesses and the memory of those witnesses still available, particularly in the instances of the many belated petitions in criminal cases. On the other hand, it is not for us to insert the provision into the law.

Finally, appellant contends that the corroboration of the accomplice is insufficient to sustain the verdict. Harry Lane testified that he furnished the automobile for the trip; that the two went to Mexico for the purpose of buying Dexedrine tablets; and that appellant made the purchase and loaded the two boxes in the car. When appellant was apprehended he was driving the vehicle; he was driving on a secondary highway at 3:30 a.m. Within reach of his right arm were two weapons, and immediately to the rear of the front seat, and within the driver's reach, were 120 boxes of illegal cargo. Harry Lane was sleeping in the rear of the ve-

hicle. The facts we have recited tend to connect appellant with the crime and that is sufficient, it being found that the corroborating evidence is substantial.

Affirmed.

BYRD, J., dissents.

CONLEY BYRD, Justice, dissenting. I disagree with the majority view that the oath or affirmation required by the constitution as a prerequisite to issuance of a search warrant does not have to be in writing. It is pointed out in 79 C. J. S. *Searches and Seizures* § 73, that a valid search warrant may issue only on the application therefor under oath or affirmation in the form of a complaint or affidavit sufficient in form and substance to support the warrant. The reason for requiring a writing was set forth in *Sullivan* v. *Commonwealth,* 304 Ky. 780, 202 S. W. 2d 619 (1947), as follows:

". . . The reasons for requiring the filing of an affidavit as a prerequisite to the issuance of a search warrant are: (1) To enable the officer whose jurisdiction is invoked to determine judicially whether probable cause exists for issuing the warrant; and (2) to fix responsibility for civil redress or criminal prosecution in the event of a false accusation. *Goode* v. *Commonwealth,* 199 Ky. 755, 252 S. W. 105. Since the issuing officer is the sole authority in whom the judicial discretion rests, he may not delegate this function of his office to the accuser. When an officer issues a warrant on the strength of a statement that the affiant has 'good and sufficient information' upon which to form a belief that contraband property is being concealed, and the affidavit fails to disclose the substance of the information, such officer permits the accuser to usurp the judicial function of his office; and since no fact has been recited to substantiate the charge, the accused would be without civil redress and there would be no basis for

prosecution if the accused has been falsely charged. ..."

Our laws require that all applications made to the circuit court upon which a process or order is issued must be in writing. See Ark. Stat. Ann. § 27-1101 (Repl. 1962), and *Rosewater* v. *Schwab Clothing Co.,* 58 Ark. 446, 25 S. W. 73 (1894). No judge would consider issuing an order citing a man into court to show cause why he should not be held in contempt unless he had a written application therefor. Should we require anything less when the writ being issued is a search warrant, a matter that the framers of the Constitutions of the United States and this State thought to be of such importance as to attempt to regulate the issuance thereof?

The injustice of issuing search warrants without written application is further compounded by our holding in *Moore* v. *State,* 244 Ark. 1197, 429 S. W. 2d 122 (1968), wherein we held that the burden was on the person attacking the warrant to show its invalidity. Under this procedure a person whose home has been ransacked has absolutely no remedy for the wrong done him. He cannot sue the sheriff because he acted under color of law, *Appling* v. *State,* 95 Ark. 185, 128 S. W. 866 (1910), and he cannot sue the judge or magistrate because of the doctrine of judicial immunity. Therefore, since the burden of proof is on the person complaining to show that the warrant was issued without probable cause, he is completely remediless unless the magistrate or judge has a good and convincing memory. I do not believe that in our quest to enforce the law we should render our citizens so helpless about a right which the framers of our constitutions thought important enough to call a "Bill of Right."

For these reasons I respectfully dissent.