## Case No. 15,667.

UNITED STATES v. McDONALD et al.

[8 Biss. 439.] [1]

Circuit Court, E. D. Wisconsin. March, 1879.

RESISTING OFFICER—SEIZURE OF PROPERTY—GOOD
FAITH OF OFFICER—JOINT INDICTMENT
—SEPARATE ACTS.

1. Under section 5398, Rev. St., it is as much an offense to resist an officer who is attempting to execute process, as it is to resist him when serving or attempting to serve process. Holding attached property after seizure is part of the execution of the process; and if a person resists or obstructs an officer thus holding property, he commits the statutory offense.

2. Resistance to a special custodian of such property, who is employed by a United States marshal—though such custodian be not a regularly appointed sworn deputy—is resistance to the marshal within the meaning of the statute.

3. If an officer holding a writ of attachment against A., seizes the property of B., and in so doing acts in good faith, and on reasonable grounds for believing the ownership of the property to be in A., resistance by B. to service or execution of the process is unlawful.

4. But if an officer with process against A. seizes the property of B., and in so doing acts in bad faith, or without reasonable grounds for believing the ownership of the property to be in A., forcible assertion of the right of possession by B., would not constitute the offense named in the statute.

5. Willful resistance and obstruction of an officer defined.

6. Where two or more persons are jointly indicted for the commission of one and the same offense, to convict all, it must appear that the offense wholly arose from the joint act of all.

7. Such an indictment is not sustained by proof merely that each of the defendants separately committed at different times a separate and distinct offense of the character charged, with which the other defendants were not connected, and in which they did not participate.

[This was an indictment against John McDonald and others.]

G. W. Hazleton, U. S. Dist. Atty.

Finch & Barber, W. W. D. Turner, and George B. Goodwin, for defendants.

DYER, District Judge (charging jury). This is an indictment which charges the defendants with the offense of obstructing and resisting an officer of the United States in the service and execution of process issued from the United States circuit court.

The allegations of the indictment in brief are, that on the 11th day of January, 1879, one Isaac Cook, a citizen of Missouri, commenced in the circuit court of the United States, for this district, an action against the defendant McDonald, to recover a certain demand, in which action a summons was issued and placed in the hands of the marshal for service; that a writ of attachment commanding the marshal to attach the property of the defendant, McDonald, was also issued in the same action, out of and under the seal of the court, the plaintiff in the action having

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

made or procured to be made the affidavit and undertaking required by law in such cases; and that the writ of attachment, affidavit and undertaking were placed in the hands of the marshal in connection with the summons for service and execution.

That on or about the 16th day of January, the marshal caused and directed two of his deputies to proceed to the premises of the defendant, McDonald, to serve the summons and execute the writ of attachment, and that they did, on or about that day, serve the summons, and attach and take into custody a certain quantity of personal property, found by them upon the premises of the defendant, McDonald, as his property by virtue of the writ of attachment; that an inventory and appraisal of the attached property were made, and that thereafter copies of the writ of attachment, affidavit, undertaking and inventory were served upon McDonald; that at the time of such service, one of the marshal's deputies, W. A. Nowell, made an arrangement with the defendant, McDonald, to leave the attached property on his premises, in the charge and custody of one Jas. H. Hubbard, who was there present at the special request and by direction of deputy Nowell, and that such arrangement was agreed to by the defendant McDonald, and was acted upon by the deputy; and that the property was left upon the premises in the special care and custody of Hubbard.

It is then alleged that on or about the 22d day of January, Hubbard was specially authorized and directed by the marshal to keep possession of the attached property, and to protect the same, and his letter of authority and direction is set out in the indictment. It is further charged, that on the 27th day of January, the attached property being in the care and custody of the marshal in the manner alleged the defendants did forcibly, willfully and unlawfully take and remove a large portion thereof from the possession of the marshal and of Hubbard, against and in defiance of the authority of the marshal, and so it is charged that they did knowingly and willfully obstruct, resist and oppose an officer of the United States in serving and attempting to serve and execute a mesne process of the United States, namely, the writ of attachment before mentioned.

This is the first count of the indictment. The second count, in more abbreviated form, charges the commission of a similar offense by the defendants on the 27th day of January; and is understood to be but a repetition of the charge contained in the first count.

The statute of the United States, upon which this indictment is based, is as follows: "Every person who, knowingly and willfully, obstructs, resists or opposes any officer of the United States in serving or attempting to serve or execute any mesne process or warrant, or any rule or order of any court of the United States, or any other legal or judicial writ or process" (Rev. St. § 5398), shall be

punished in the manner prescribed by the statute. And the question is, Have the defendants committed this offense, and so made themselves amenable to the penalties of this law?

There has been put in evidence the judgment roll in the case of Cook v. McDonald, consisting of the summons, complaint, writ of attachment, affidavit, undertaking, inventory of attached property, returns of service, affidavit of no answer and judgment. The return of service on the summons, shows that it was served on the defendant, McDonald, on the 14th of January, 1879, and the return upon the writ of attachment shows that the marshal on the same day attached the personal property described in the inventory, and that on the 16th day of January, the writ of attachment, affidavit, undertaking and copy of inventory. were served on McDonald as the defendant in that action.

This writ of attachment was mesne process within the meaning of the statute referred to, and was such process as the statute makes it an offense for any person to knowingly and willfully obstruct or resist an officer of the United States in serving or attempting to serve or execute.

The point has been made, that if any levy by attachment upon the property in question was made, it was completed prior to the 27th of January when the alleged resistance to the officer transpired, and that if such levy was so made and the writ was returned to the clerk of the court before the 27th of January the acts complained of, if proven, did not constitute obstruction of or resistance to the officer in the service or execution of the writ, and consequently that there can be no conviction. My view of that question is this: The statute makes it an offense to knowingly and willfully obstruct, resist or oppose any officer of the United States in serving or attempting to serve or execute any mesne process. Now, even though the attachment levy was made on the 14th day of January, and before the alleged acts of resistance, and even though the writ was returned to the clerk of the court before the 27th of January, if on that day the marshal was, through a special custodian, holding the property under a levy, so previously made, this was part of the process of executing the writ, and obstruction of or resistance to the officer at that time, if otherwise unlawful would be as much an offense under the statute, as if such obstruction or resistance had transpired while the attachment levy was actually in progress or before the writ was returned. The offense does not consist alone of obstructing or resisting an officer in serving or attempting to serve process. It includes as well obstruction of or resistance to an officer in attempting to execute the writ, and holding attached property after levy and seizure is part of the execution of the process.

\* \* \* \* \* \* \* \*

It is claimed further that there was no resistance by the defendants to any officer of the United States; that the person resisted, one Hubbard, was not such officer, and that the alleged resistance to him, was not a resistance to the marshal or to any of his regularly appointed deputies. The prosecution has given evidence tending to show that the first proceedings upon the writ of attachment were had under the immediate direction and supervision of the marshal's deputies; that after the alleged levy by attachment had been made, Hubbard was employed by one of these deputies to assume custody and care of the property; and that on the 22d day of January, 1879, the marshal wrote and sent to Hubbard a letter directing him to hold the property.

It is not claimed that Hubbard received directly from the marshal any other authority to act than this letter, nor that he was a regularly appointed sworn deputy marshal under the statute. And as I have said, it is contended in behalf of the defendants, that resistance to him, if any be shown, was not resistance to the marshal nor to any officer of the United States. I do not concur in this view of the law. It is not and cannot be required or expected, that the marshal shall be always personally present when process is served or is in course of execution, or that he can always exercise personal and immediate control over property that may have been seized upon such process. He has the right and power to designate and appoint a custodian of such property and to hold it by the hand of such custodian, and when it has been seized and is so held, it is, in law, in the charge and custody of the marshal, and in such case, the marshal, as an officer of the United States, by the hand of such custodian so appointed, executes the writ. I therefore instruct you, that if the property in question had been previously attached by the marshal's deputies, and if subsequently Hubbard received from the marshal the letter of authority before referred to, and was on the 27th of January, 1879, acting thereunder, then any obstruction of or resistance to Hubbard as such custodian, was obstruction of and resistance to the marshal, and proof to that end is competent under the allegations of the indictment.

The defendants have given evidence tending to show that on the 9th day of December, 1878, the defendant, McDonald, executed to the defendant, Mrs. La Mothe, his two promissory notes, one for $4,961.84, and one for $5,000, and that to secure the payment of such notes he, at the same time, executed to her a mortgage upon the property in question, which mortgage contains the usual provisions to be found in chattel mortgages and was duly filed in the office of the town clerk. Testimony has also been offered tending to show, that at some time subsequent, but prior to the service of the summons upon the defendant McDonald, in the case of Cook against him, Mrs. La Mothe took possession of all of this property under her mortgage, and that the defendant, Thompson, was her

agent for the purpose of taking and maintaining such possession, and it is claimed upon the evidence that she was in actual personal possession of the property by virtue of provisions of the mortgage giving her such right, at the time of the alleged levy under the attachment. Upon such a state of facts, if proved, it is contended that the marshal and his deputies or agents had no right to take the property from her upon the writ of attachment, and that such facts, if established, constitute an absolute defense to the charge contained in this indictment. Prima facie the mortgage was valid and the burden of showing it to be invalid, falls upon the party attacking it; and there is no doubt, if the mortgage in question was executed in good faith to secure a bona fide indebtedness, and if Mrs. La Mothe by herself or her agent did in like good faith take actual possession of the property under the mortgage, so that she had the absolute and exclusive dominion and control over it as against the mortgagor, that she thereby became vested with the legal title to the property. Touching the principal question involved, there is some apparent diversity of opinion in the authorities. Courts of equal respectability seem to differ somewhat upon it, and we must therefore adopt such rule as best commends itself to our own judgment as most consonant with right and with sound legal principles. And after reflection upon the question, I have come to the conclusion that the true rule to lay down in a case of this character is this: that if the marshal and his deputies in their proceedings under the writ of attachment acted in good faith and on reasonable grounds for believing that the property in question was the property of the defendant, McDonald, then the defendants had no right to resist the officers in serving or attempting to serve or execute the process. But if the mortgage in question was in good faith executed to secure a bona fide indebtedness, and if Mrs. La Mothe in good faith took actual possession of the property under the mortgage, so that she had the absolute and exclusive control and dominion over it, and if the marshal or his deputies acting for him, did not act in their proceedings under the writ of attachment, in good faith, or acted without reasonable grounds for believing that the property was in fact owned by the defendant, McDonald, then the forcible assertion of possession by Mrs. La Mothe and any duly authorized agent of hers acting in good faith for her, as against the officer, would not be such resistance to the officer as the statute was intended to make a punishable offense.

In considering and passing upon the alleged possession of the property in question by Mrs. La Mothe, you should determine whether such possession was taken in good faith under her mortgage, and whether it was or not an actual, exclusive possession free from any right of the mortgagor to control it. It must have been a possession taken in good faith, and so taken as to give her the abso-

lute, exclusive and unqualified dominion and control over it, to make it such possession as under the mortgage would carry the title. And in determining this question of possession, the jury should consider all the facts and circumstances attending and surrounding the transaction, such as the situation of the property, its character, its continuance upon the premises of the mortgagor, the occupation of the premises by both the mortgagor and mortgagee as their common home, the necessity for constant care of and attention to the property, the season of the year, and the facilities for or difficulties of removing the property. In short, all of the circumstances are to be looked into with a view of determining whether the property passed under the mortgagee's absolute and exclusive control and possession.

In considering whether the marshal and his deputies acted in good faith in their alleged attachment of the property, you will inquire whether, as the property was situated at the time, and in the light of all facts and circumstances then brought to their knowledge, the question of property right was so far doubtful that the officers acted without wantonness, recklessness or oppression and on reasonable grounds for believing the property to be that of the defendant, McDonald. It is not disputed that they knew of the mortgage, and of Mrs. La Mothe's claim to possession and ownership. Reasonable grounds for believing the property to be that of the defendant, McDonald, would be such grounds as would influence the judgment of a careful and prudent man in his own affairs, and, in considering whether the officers acted in good faith and on reasonable grounds for believing that the property belonged to McDonald, you are again to consider the nature and situation of the property, the relation of the parties thereto, any information they had as to the mortgage and Mrs. La Mothe's claim to possession, the apparent character of such alleged possession, in short, as before stated, all the facts and circumstances of the situation as they were then presented.

To constitute the offense of resisting an officer as is apparent from the language of the statute, the resistance or obstruction or opposition must be willful. The term willful as here used, means something more than intentional. It is to be here considered as implying an evil intent without justifiable excuse. An act willfully done, means that it is done wrongfully, in bad faith, with evil intent; that it is done with a bad purpose, and as an act which a person of reasonable knowledge and ability must know to be contrary to duty. This is its sense when used in a criminal statute like this. So, to establish the offense charged, it must be shown that the alleged acts of resistance, if any were committed, were done knowingly and willfully, that is, with evil intent or purpose and as acts known to be contrary to duty.

The words of the statute are, "obstructs, resists or opposes any officer of the United

States." Resistance to an officer is to oppose him by direct, active and more or less forcible means. It means something more than to hinder, or interrupt, or prevent, or baffle, or circumvent. The gist of the offense of resisting is personal resistance of the officer, that is, personal opposition to the exercise of official authority or duty by direct, active, and in some degree forcible means. State v. Welch, 37 Wis. 196. The statute, however, does not limit the offense to resistance alone, it includes also willful acts of obstruction or opposition; and to obstruct is to interpose obstacles or impediments, to hinder, impede or in any manner interrupt or prevent, and this term does not necessarily imply the employment of direct force, or the exercise of direct means It includes any passive, indirect or circuitous impediments to the service or execution of process; such as hindering or preventing an officer by not opening a door or removing an obstacle or concealing or removing property. State v. Welch, supra. So, that, although to establish a case of resistance, it must appear that the party was personally present and personally resisting, liability to the charge of obstructing may be established by showing that the party has willfully caused any impediment or hindrance to be interposed, though not personally present and actively co-operating in the direct act of obstructing. It should appear, however, that such party in some manner and at some stage aided or abetted the act of obstructing.

Thus understanding the meaning and significance of these terms as used in the statute, and what constitutes the statutory offense, you will be prepared to consider and determine in the light of the evidence whether the defendants are guilty of having knowingly and willfully obstructed. resisted or opposed the service of or the attempt to serve or execute the writ of attachment in question.

\*     \*     \*     \*     \*     \*     \*

Now, gentlemen. if you find from the evidence that there were no acts committed, by which the service or attempt to serve or execute the writ of attachment was obstructed, resisted or opposed. that of course would dispose of the case and your verdict in such case should be for the defendants.

If you find that though certain acts were done by the defendants, they did not knowingly and willfully obstruct, resist or oppose the service or the attempt to serve or execute the writ, then your verdict should be in their favor.

\*     \*     \*     \*     \*     \*     \*

Again, if you find from the evidence, that the mortgage in question was in good faith executed to secure a bona fide indebtedness, and that the defendant, Mrs. La Mothe, by herself, or by an agent in good faith appointed for the purpose, in like good faith took, and was holding at the time alleged, the actual possession of the property—that is, the absolute and exclusive control and dominion over it—and if you further find that the marshal and his deputies acting for him did not in their proceedings under the writ of attachment, act in good faith, or acted without reasonable grounds for believing that the property was in fact owned by the defendant, McDonald, then your verdict as to Mrs. La Mothe and as to the defendant Thompson, if he was her agent and acted only as such, should be in their favor. In this connection I should say that I do not think the mortgage or any possession of the property thereunder by Mrs. La Mothe, would be a justification for resistance to or obstruction of the officer by the defendant McDonald, if he committed any acts of resistance or obstruction.

On the other hand, if you find from the evidence that the mortgage in question was not made in good faith, or that the defendant, Mrs. La Mothe, did not in good faith take and was not at the time alleged, holding such possession of the property as I have defined, by virtue of the mortgage, and if you further find that the defendants did on the day stated, knowingly and willfully obstruct or resist, or oppose the service or the attempt to serve or execute the writ of attachment, then your verdict should be in favor of the United States.

Further, if you find from the evidence that the mortgage in question was in good faith made as claimed by the defendants, and that the defendant, Mrs. La Mothe, did in good faith take and at the time alleged hold possession of the property under the mortgage, and if you further find that the marshal and his deputies acted in good faith in their proceedings under the writ of attachment, and with reasonable grounds for believing that the property was in fact owned by the defendant, McDonald, and if you further find that the defendants did on the day stated, as charged, knowingly and willfully obstruct, or resist or oppose the service or attempt to serve or to execute the writ of attachment, then your verdict should be for the United States.

\*     \*     \*     \*     \*     \*     \*

The indictment in this case is against three defendants and charges the commission by them of the same offense. They are indicted together for one offense. To convict all of them, it is therefore essential that it be shown that the offense committed, if any offense is proven, wholly arose from the joint act of all. All of the defendants cannot be convicted unless each and all of them were parties to the commission of one and the same offense. An indictment in the form of this, is not sustained by proof merely that each of the defendants has separately committed at different times a separate and distinct offense of the kind charged here, with which the other defendants were not connected and in which they did not participate, and which did not spring from the joint act of all. So, if you are satisfied from the evi-

dence, applying to it the legal principles I have stated, that the offense charged was committed, and that it arose wholly from the joint act of all of the defendants, then your verdict may be guilty as to all, otherwise, not.

If you find that the offense charged was committed by any two of the defendants and that it arose wholly from the joint act of such two defendants, and that the other defendant is not guilty, then your verdict may be guilty as to the two defendants, and not guilty as to the other.

So, if you should find one of the defendants guilty of the offense charged and that two of the defendants are not guilty, you may convict the one and acquit the others.

If you should find that each of the defendants did commit the offense of obstructing or resisting the officer, but that the offense so committed by each defendant was complete in and of itself, and was entirely separate and distinct from that committed by any other defendant, neither defendant in the commission of his or her offense having any connection with the offense of any other defendant, so that each complete offense was wholly independent on, and disconnected from, each other offense, then there could be no conviction of any of the defendants. So, if you should find that any two of the defendants committed the offense charged, such offense arising from the joint act of the two defendants, and if you should also find that the other defendant also committed the offense of obstructing or resisting the officer, but that the offense committed by the two defendants was wholly separate and distinct from that committed by the one defendant, the two defendants having no connection with the offense committed by the one defendant, and the one defendant having no connection with the offense committed jointly by the two defendants, then there could be no conviction. For as before indicated, it is the law, that when two or more persons are indicted together for an offense of this character and for one and the same offense proof of entirely separate, distinct, unconnected offenses committed by each, will not sustain a conviction.

Verdict for defendants.