STATE, Respondent, v. MERRELL, Appellant.

(216 N. W. 874.)

(File No. 6293. Opinion filed December 20, 1927.)

*Dan McCutchen*, of Belle Fourche, for Appellant.

*Buell F. Jones*, Attorney General, and *Raymond L. Dillman*, Assistant Attorney General, for the State.

MORIARTY, C. The appellant, Omer Merrell, was convicted on the charge of obstructing an officer in the discharge of his duty. From the judgment entered upon such conviction, and from an order denying a new trial, the defendant appeals.

To support the conviction, the state introduced evidence as follows:

On the 11th day of June, 1925, C. D. Sanders, a deputy sheriff of Butte county, was watching the actions of a young man named

Herrick. About sundown on that day Sanders saw Herrick drive along the main street of the town of Newell and turn into a cross street on which there was but little travel. Herrick drove back of the buildings on Main street and stopped his car for a short time near a warehouse referred to in the evidence as the "Old Bratton Store Building." Immediately after Sanders saw this, he went to this Bratton building and at the side of the building he found a gallon jug of moonshine whisky screened from view by a piece of tin or galvanized iron leaned up against it.

Sanders replaced this piece of metal and went back to the main street of the town. Late in the evening Charles Wilson, one of the county commissioners of Butte county, came back to the Bratton building with Sanders. They found the jug screened by the sheet of metal, as before, and Wilson examined the contents of the jug and pronounced it to be "moonshine" whisky. The jug and the sheet of metal were replaced, and Sanders and Wilson started to go away. When they had gone about 150 feet from the building, they saw the light from a car swing around the corner, and saw the car stop near where the jug was concealed. The night was dark and the car light was directed toward the two men, so that they could not see whether any one got out of the car or not. They started back, and the car came forward to meet them. Herrick was driving the car, which was the same "stripped" Ford which Sanders had seen him stop near the Bratton building earlier in the evening. The defendant's wife was in the driver's seat with Herrick, and the defendant was sitting in an opening which was near the rear of the car. Sanders got in front of the car, which was still "in low" and moving slowly, and ordered Herrick to stop. Herrick stopped the car, and Sanders ordered Herrick to shut off the engine, which Herrick failed to do. Sanders repeated this order two or three times, but Herrick failed to obey, and used what the witness Wilson describes as "bad language" toward Sanders. When this had gone on for some time, the defendant jumped off the car and said, "Don't you stop. Go ahead. Sanders can have me." At this time Sanders was standing at the left side of the car near the driver's seat, and the defendant jumped off so close to Sanders that defendant's hand struck Sanders' shoulders. Herrick immediately started the car and drove away. Sanders placed Merrell under arrest, and accompanied by Wilson

and Merrell, went back to where the jug of whisky had been hidden, and found that the jug had been removed. It is admitted that Sanders had no warrant for the arrest of any one in the car at the time he stopped it.

Appellant's counsel contends that Sanders had no authority to arrest Herrick, because the only offense with which he could be charged was a misdemeanor, and such misdemeanor, if committed, was not committed in the presence of the officer, and that, if the officer had no legal right to make an arrest, there was no act of obstructing Sanders in the performance of any duty of his office.

Counsel further contends that, even if Sanders was acting within the duties of his office in attempting to arrest Herrick, the acts of the defendant did not obstruct the officer, as there is no evidence that the defendant used any force sufficient to prevent Sanders from making the arrest.

Section 10303 of the Revised Code of 1919 was amended by chapter 204 of the Laws of 1925, but, as the offense charged was committed, if at all, on June 11, 1925, the original section 10303 was the statute then in force. This section, in so far as it applies to the issues of the instant case, provides as follows:

"And when any sheriff, deputy sheriff, constable or police officer, or the state sheriff or his special agents, shall have reason to suspect that intoxicating liquors are being carried or transported in violation of this section, he shall have the right and it shall be his duty to search such wagon, buggy, automobile or automobile truck or any other vehicle, and to seize any and all intoxicating liquors found therein, and whenever any such liquors shall be seized, the officer, seizing the same shall take possession of the vehicle and team, automobile, automobile truck or other conveyance in which such liquor is found, and he shall also arrest any person in charge of such team, vehicle or conveyance."

Appellant's counsel contends that to construe this provision as authorizing Sanders to arrest Herrick under the circumstances shown by the record would be an invasion of Herrick's constitutional right of immunity from search. But the Constitution only provides that—

"The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures shall not be violated." Const, art. 6 § 11.

It is only as against unreasonable searches and seizures that this constitutional right exists. A provision that a peace officer may search a vehicle which he has reason to suspect is transporting liquor contrary to law does not provide for an unreasonable search.

If what Sanders saw as to Herrick's actions, and the discovery of the jug of liquor, gave the officer reason to suspect that the Herrick car was being used to transport liquor contrary to law, then it was the duty of Sanders to stop the car and search it, and to arrest Herrick if he found intoxicating liquor in the car. The record shows that the officer had ample ground for such suspicion.

As to the acts of the defendant obstructing the officer, the law does not require that violent physical resistance must be exerted to constitute this offense. Section 3775, Revised Code of 1919, provides:

"Every person who willfully delays or obstructs any public officer in the discharge or attempt to discharge any duty of his office is guilty of a misdemeanor."

In United States v. McDonald, Fed. Cas. No. 15667, 8 Biss. 439, the federal court, in construing a statute providing for the punishment of "every person who, knowingly and willfully, obstructs, resists or opposes any officer," etc., defines obstructing in the following language:

"The gist of the offense of resisting is personal resistance of the officer; that is, personal opposition to the exercise of official authority or duty by direct, active, and in some degree forcible means. * * * The statute, however, does not limit the offense to resistance alone; it includes also willful acts of obstruction or opposition; and to obstruct is to interpose obstacles or impediments, to hinder, impede, or in any manner interrupt or prevent, and this term does not necessarily imply the employment of direct force, or the exercise of direct means."

The evidence presented in the instant case was sufficient to justify the jury in believing that the act of the defendant was intended to cause Herrick to start his car and thus evade a search, and that defendant's interruption did enable Herrick to evade the search. Of course the opportunity to arrest Herrick after he had a chance to dispose of the liquor would not be likely to assist in the enforcement of the law.

The facts observed by Sanders were sufficient to give him reason to suspect that the car was engaged in transporting intoxicating liquor, and to make it his duty to stop the car and search it, and defendant's acts were sufficient to constitute the offense of obstructing an officer.

We find no reversible error in the record, and the judgment and order appealed from are affirmed.

POLLEY, SHERWOOD, and BROWN, JJ., concur.

CAMPBELL, P. J., and BURCH, J., concur in result.