WARREN v. STATE.

Opinion delivered June 10, 1929.

726

*Gustave Jones* and *J. H. Wharton,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

HART, C. J., (after stating the facts). The information was filed under § 2585 of Crawford & Moses' Digest, which is as follows: "If any person shall knowingly and willfully obstruct or resist any sheriff or other ministerial officer in the attempt to serve or execute any writ, warrant or process, original or judicial, in discharge of any official duty, in case of felony, or any other case, civil or criminal, or in the service of any order or rule of court, in any case whatever, he shall be deemed guilty of a misdemeanor, and on conviction shall be fined in any sum not less than fifty dollars, and may also be imprisoned not exceeding six months."

The State relies upon *United States* v. *McDonald,* 26 Fed. Cas. 1074, to affirm the judgment. In that case, in construing a similar act of Congress, the court said the offense includes obstruction or resistance to an officer in attempting to execute a writ of attachment, and that holding the attached property after levy and seizure is part of the execution of the process. In that case the deputy marshal who served the writ of attachment made an arrangement with the defendant, McDonald, to leave the attached property on his premises, in the charge and custody of one James H. Hubbard. Afterwards it was alleged that McDonald and others did forcibly, willfully and unlawfully take and remove a large portion of the property from possession of Hubbard. The court said that the marshal had the right to appoint a custodian of the attached property and to hold it by the hands of such custodian. Hence it was held that any obstruction of or resistance to Hubbard as such custodian was obstruction of and resistance to the marshal.

In the case at bar the property was left in charge of the defendant in the attachment suit. The officer who levied the attachment made arrangement with him to gather the cotton and haul it to the gin. It is true that the officer later wrote him that this arrangement was not satisfactory to the plaintiff in the attachment suit, and that he would make other arrangements about picking

and ginning the cotton, still the defendant never relinquished his possession of the crop, but gathered it while it was in his own possession. The defendant was not guilty of any indirect or circuitous impediment to the execution of the process by taking the attached property from the possession of the officer or of a custodian in whose charge the officer had left it. The language of the statute is to "knowingly and willfully obstruct or resist any sheriff," etc. This means to obstruct or oppose the officer, and not merely to defeat the execution of the process by being guilty of contempt of court or maybe some other crime. In order to sustain the conviction, the defendant must be guilty of the offense charged, and not of some other offense. As sustaining this view see *Davis* v. *State,* 76 Ga. 721. There the sheriff levied an execution on two oxen as the property of the defendant in execution, and left them in the field of a friend as his agent to take care of them. The defendant privately took and carried the oxen away during the absence of the officer and of the person in whose care they were left. The trial court held that these acts of the accused were obstructing an officer in the execution of legal process within the meaning of the statute, which was substantially in the same language as our own. The Supreme Court reversed the judgment, and, after quoting the statute, said:

"The word 'obstruct' must be construed with reference to the other words in the statute—'resist or oppose.' It is found in the same company with 'resist and oppose,' which mean force. The word 'obstruct' means to oppose, according to Webster; to obstruct an officer means to oppose that officer. It does not mean to oppose or impede the process with which the officer is armed, or to defeat its execution, but that the officer himself shall be obstructed. It is opposition to the officer, and these words, 'obstruct,' 'resist,' or 'oppose,' have nearly the same meaning, as used in the statute, and the word 'oppose' would cover the meaning of the words 'resist' or

'obstruct' as they are therein used, and they all mean the same thing.''

It follows that the judgment will be reversed, and the cause will be remanded for further proceedings according to law.