**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Terry WIEDEMAN, Defendant and Appellant.**

**No. 13652.**

Supreme Court of South Dakota.

Considered on Briefs May 18, 1982.

Decided July 7, 1982.

Jeffrey P. Hallem, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Thomas M. Tobin of Maynes, Tonner, Maynes & Tobin, Aberdeen, for defendant and appellant.

DUNN, Justice.

This is an appeal from a court trial that found Terry Wiedeman (appellant) guilty of obstructing a police officer in the discharge of his duty. We affirm.

At about 12:50 a.m. on October 10, 1981, an altercation occurred at the Prairie Lounge in Redfield, South Dakota. The Redfield city police were called to assist in dispelling the disturbance. When the police arrived, about twenty to thirty people were standing outside the lounge. Officers Morrison and Helm were instructed that the trouble was on the north side of the lounge. Here, Officer Morrison found about thirty to forty people either in the street or on the sidewalk.

Two individuals, Schaunbeck and Cleberg, appeared ready to start a fight. Officer Morrison talked to the two men and calmed them down. Later, while walking through the crowd attempting to dispel the people, Officer Morrison observed Stoner push Bruce. When Officer Morrison approached the two individuals, he was pushed by Stoner. Stoner was arrested for disturbing the peace and was placed in Deputy Sheriff Albright's patrol car. Felchle then came near the patrol car and wanted to take Stoner home. His request was denied and he was later arrested and also put in Albright's patrol car.

While these events were occurring, about twenty-five people had followed the officers across the street to the vicinity of Albright's patrol car. Stoner attempted to escape through the window of the patrol car. He was subdued and handcuffed by the officers. Some of the people in the crowd began yelling obscenities and heckling the officers. Soon after, Albright left in the patrol car with the two arrested individuals and Officer Helm also left the scene.

Officer Morrison began moving through the crowd instructing everyone to go home. He approached appellant and told him to move or go home. Appellant responded that he had a right as a citizen to be there. Officer Morrison again asked appellant to move and only after a third request did appellant take a couple of steps backwards. Appellant left the area about five to seven minutes later. There is no evidence that appellant ever touched Officer Morrison, or that he participated in the yelling of obscenities and heckling of the officers. An information was subsequently filed alleging that appellant "did unlawfully, by physical interference intentionally obstruct, impair or hinder Officer Larry L. Morrison and others in the enforcement of law and the preservation of the peace while said law-enforcement officers were acting under color of their authority[.]"

Appellant contends that the evidence was insufficient to support a conviction under SDCL 22–11–6 for obstructing a law enforcement officer, because his failure to immediately leave the area upon request by Officer Morrison did not constitute a physical interference. In determining the sufficiency of evidence on appeal, this court must determine whether there is evidence in the record which, if believed by the trier of fact, is sufficient to sustain a finding of guilt beyond a reasonable doubt. *State v. Vogel*, 315 N.W.2d 321 (S.D.1982); *State v. Brammer*, 304 N.W.2d 111 (S.D.1981); *State v. Moeller*, 298 N.W.2d 93 (S.D.1980).

The State relies, in part, on this court's interpretations of the prior obstruction of a public officer statute, SDCL 3–15–3 (1974 rev. repealed in 1976), which read as follows: "Every person who willfully delays or obstructs any public officer in the discharge or attempt to discharge any duty of his office is guilty of a misdemeanor."

In *State v. Knudson*, 27 S.D. 400, 131 N.W. 400 (1911), we found the evidence insufficient to sustain a conviction for obstructing an officer under SDCL 3–15–3. There an officer was sent into a saloon to arrest Stolheim, who was in a fight. The defendant, a one-armed man, put his arm on the officer's shoulder and told him to let Stolheim go and he would take him home. The officer struck defendant and later an information was filed charging defendant with unlawfully obstructing an officer in the discharge of his duty. In holding that the evidence was insufficient to sustain the verdict, we stated that: "We do not wish to be understood as holding that, to constitute an obstruction of the officer under the statute, there must be an actual or technical assault upon the officer; but there must be acts clearly indicating an intention on the part of the accused to prevent the officer from performing his duty[.]" *Id.*, at 405, 131 N.W. at 402.

We adopted a similar rationale in *State v. Merrill*, 52 S.D. 129, 216 N.W. 874 (1927), wherein a defendant jumped from an open-ing near the rear of a car close to the deputy sheriff. Defendant's actions allowed the car and its two passengers to escape, thus evading a search for moonshine. We found the evidence sufficient to justify the verdict, after stating that "to obstruct is to interpose obstacles or impediments, to hinder, impede, or in any manner interrupt or prevent, and this term does not necessarily imply the employment of direct force, or the exercise of direct means." *Id.*, at 132, 216 N.W. at 875, quoting from *United States v. McDonald*, 26 Fed.Cas.No. 15667, 8 Biss. 439. *See also Bathke v. Myklebust*, 69 S.D. 534, 12 N.W.2d 550 (1944), wherein defendant refused to leave premises and turn over his keys to State School for the Deaf after being dismissed from his employment and receiving both written and oral notice to leave.

The legislature, by enacting SDCL 22–11–6 and repealing SDCL 3–15–3 in 1976, narrowed the scope of activities prohibited as an obstruction of a police officer. In part, SDCL 22–11–6 provides:

Except as provided in §§ 22–11–4 and 22–11–5, any person who, by threatening to use violence, force or *physical interference or obstacle*, intentionally obstructs, impairs or hinders the enforcement of the criminal laws or the preservation of the peace by a law enforcement officer . . . acting under color of his official authority . . . is guilty of obstructing a law enforcement officer[.] (emphasis added)

Thus, the sole question on this appeal is whether the State provided proof that the appellant "by threatening to use violence, force or physical interference or obstacle," intentionally obstructed the police officer in the performance of his duty. We hold that there was a threat of physical interference under these facts. The amended statute, like the old one, does not require that there be a technical or physical assault upon the officer. *State v. Merrill, supra*; *State v. Knudson, supra*.

Here, there was a head-to-head confrontation with appellant standing directly in

the path of the officer and refusing to move. When Officer Morrison gave appellant a direct order to move and go home, appellant had no further right to be there and his refusal to move was a physical interference with the officer's attempt to disperse this drunken, unruly mob and preserve the peace.

We find that the refusal to move, under these circumstances, was sufficient to constitute an obstruction of a police officer in the discharge of his duty under SDCL 22–11–6.

We affirm the judgment of the trial court.

All the Justices concur.